# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STEVE SEDERWALL, DALE TUNNELL, and
PETE STEELE,

        Plaintiffs,

v.                                            No. CIV 00-1248 BB/WWD

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court for consideration of a motion to dismiss or, in the alternative, for summary judgment, filed by the United States (Doc. 22). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion will be granted.

The government's motion was based on a two-step argument: first, Plaintiffs' claims are cognizable only under the Federal Tort Claims Act ("FTCA") or under the Administrative Procedures Act ("APA"); second, Plaintiffs have not met the jurisdictional prerequisites for bringing a claim under either of those statutes. In response, Plaintiffs insist they are not proceeding under either the FTCA or the APA. Instead, they argue their claims are brought under the New Mexico Racketeering Act, and that they have properly stated a claim under that statute. The government, in its reply brief, argued that the United States has not waived its sovereign immunity and has not consented to be sued under the New Mexico statute. The Court agrees with the government.

The exclusive remedy for negligent or wrongful acts or omissions of federal employees, committed while acting within the scope of their duties, is the FTCA. *United States v. Smith*, 499

U.S. 160, 165-66 (1991); *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993); 28 U.S.C. § 2679(b)(1) (the remedy against the United States provided by the FTCA is exclusive of any other civil action or proceeding for money damages against the federal employee whose act or omission gave rise to the claim). The only exceptions to this rule are *Bivens* actions, seeking compensation for constitutional violations, and actions brought to recover damages for the violation of a federal statute which authorizes recovery against an individual. *See Smith*, 499 U.S. at 166-67; 28 U.S.C. § 2679(b)(2). In this case, Plaintiffs have specifically disavowed any intention of pursuing a *Bivens* action, and have strongly emphasized that they are proceeding under the New Mexico Racketeering Act. This statute is not a federal statute, and the FTCA exclusivity exception discussed above, for federal statutes authorizing recovery from individuals, therefore does not apply. Plaintiffs cannot maintain their state-law racketeering claim, or any other state-law claim, against the United States or its employees, without following the procedures mandated by the FTCA, and this case must therefore be dismissed.[1]

---

[1]To the extent Plaintiffs might now try to change their argument and assert they would like to proceed under the federal racketeering statute rather than the New Mexico version, the Court would decline to allow such an amendment as it would be futile. The United States, which has been substituted as the Defendant in this case, cannot be sued under the racketeering statute. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Furthermore, Plaintiffs do not have standing to bring a racketeering claim against the original federal-employee defendants, because their alleged injuries were not caused by any predicate acts actionable under the racketeering statute. *See Beck v. Prupis*, 529 U.S. 494, 506-07 (2000) (injuries actionable under the racketeering statute must be those caused by an act of racketeering, not simply any action taken in furtherance of a racketeering conspiracy); *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 24 (2d Cir. 1990) (holding that the loss of commissions is not actionable under the racketeering statute; citing a number of cases for the proposition that loss of employment similarly does not provide standing to bring such a claim). The only damages discernable from Plaintiffs' complaint are those occasioned by employment or disciplinary actions taken against the Plaintiffs. These actions are not predicate acts under the racketeering statute, and do not provide the requisite standing to bring a federal racketeering claim, even if the individual defendants could somehow be substituted back into the case.

2

Dated this 30th day of October, 2001.

_____
BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:

**For Plaintiffs**:
Michael E. Mozes
Law Offices of Michael E. Mozes, P.C.

**For Defendant**:
Elizabeth M. Martinez
Assistant United States Attorney